[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2005
THOMAS  K. KAHN
CLERK

————————————————

No. 05-10789

————————————————

D. C. Docket No. 02-00235-CV-NE

JOYCE SHARPLEY,
Wife of Decedent, As Administrator of the
Estate of Decedent, James Edward Sharpley,

Plaintiff-Appellee
Cross-Appellant,

versus

JOHN RALEY,
State Conservation Officer/Game Warden for
the Alabama Division of Wildlife and Freshwater
Fisheries, in his individual capacity,

Defendant-Appellant
Cross-Appellee.

————————————————

Appeals from the United States District Court
for the Northern District of Alabama

————————————————

**(October 31, 2005)**

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

This is John Raley's interlocutory appeal from the denial of summary judgment in favor of Joyce Sharpley, the administrator of the estate of James Edward Sharpley whom Raley shot to death in the course of a traffic stop Raley made while a state conservation officer. We also have before us Sharpley's cross-appeal from the denial of her motion for partial summary judgment on collateral estoppel grounds. Because the parties and the district court are familiar with the procedural facts and evidence in this case, we will not go into those beyond the point necessary to explain our decision.

**I.**

Sharpley contends that we lack jurisdiction under the principles announced in Johnson v. Jones, 515 U.S. 304, 115 S. Ct. 2151 (1995), as amplified in Behrens v. Pellitier, 516 U.S. 299, 116 S. Ct. 834 (1996). She is mistaken in that respect. Under the Johnson/Behrens doctrine we lack interlocutory appellate jurisdiction when the only disputed matter at the summary judgment stage is whether the evidence is sufficient to establish a particular fact or facts essential to decision of the qualified immunity issue. Behrens, 516 U.S. at 312–13, 116 S. Ct. at 842; Johnson, 515 U.S. at 313, 115 S. Ct. at 2156; Cottrell v. Caldwell, 85 F.3d 1480,

2

1484 (11th Cir. 1996). We do, however, have jurisdiction to decide interlocutorily issues of law relating to a qualified immunity defense. Behrens, 516 U.S. at 313, 116 S. Ct. at 842. And once we have that jurisdiction, we may either decide ourselves the evidentiary sufficiency issues that are related to the question, or we may adopt the district court's statement of the facts at the summary judgment stage. See Cottrell, 85 F.3d at 1486.

The qualified immunity issue in an excessive force case is "whether it would have been clear to an objectively reasonable officer that [the officer's] conduct was unlawful," Vaughan v. Cox, 343 F.3d 1323, 1332 (11th Cir. 2003), or stated another way, whether "an objectively reasonable officer in [this officer's] position could not have believed that he was entitled to use deadly force." Id. That is a legal issue we have interlocutory appellate jurisdiction to decide. See Cottrell, 85 F.3d at 1486 (the issue of whether summary judgment on qualified immunity grounds should have been granted on a Fourth Amendment excessive force claim based on the facts of the case is an issue of law that a defendant officer may appeal interlocutorily).

While we expressed some doubt at oral argument that Raley had raised this legal issue in his appeal, as distinguished from pure evidentiary sufficiency issues,

a closer examination of his opening brief has led us to conclude that he did.[1]

Accordingly, we do have jurisdiction to decide this appeal.

**II.**

In exercising our jurisdiction, we choose to take the facts as stated by the district court as the facts that shape the qualified immunity issue at this stage of the litigation. See Johnson, 515 U.S. at 319, 115 S.Ct. at 2159 ("[T]he court of appeals can simply take, as given, the facts that the district court assumed when it denied summary judgment."); Cottrell, 85 F.3d at 1486 ("In exercising our interlocutory review jurisdiction in qualified immunity cases, we are not required to make our own determination of the facts for summary judgment purposes; we

---

[1] In his opening brief, Raley states as the first issue whether "the trial court's rationale mandates a grant of summary judgment on the issue of qualified and discretionary immunity." Appellant's Br. at 1. The brief disavows any disagreement over the facts. See Appellant's Br. at 22 ("When one evaluates the undisputed facts ... there are no specific facts showing that there is a genuine issue for trial."). It argues that "[t]he evidence is conclusive that Raley acted and reacted with *arguable probable cause.* ... John Raley had good arguable reason to believe that he would be confronted with a weapon. Qualified immunity should attach." Appellant's Br. at 29.

It is true that elsewhere in his brief Raley states that "[i]n all respects your Appellant agrees with the **legal** analysis offered by the trial Court below." Appellant's Br. at 20. But the context in which that statement was made, as well as the arguments made elsewhere in the brief, which we have already quoted, convince us that Raley was stating his agreement with the pure statements of law the court had made, not with the court's application of that law to the facts in the case. Application of the law to the facts is itself a legal issue for purposes of interlocutory appellate jurisdiction in qualified immunity cases. See Cottrell, 85 F.3d at 1486.

have discretion to accept the district court's findings, if they are adequate.")[2]

Given those facts, we affirm the district court's denial of summary judgment on the qualified immunity issue. Raley had neither probable cause nor arguable probable cause to believe that Sharpley had a gun and was going to use it. An objectively reasonable officer in Raley's position neither would have, nor reasonably could have, believed that the use of deadly force without a warning was necessary.

## III.

As for Raley's appeal from the denial of discretionary function immunity on the state law claims, the same principles apply to our appellate jurisdiction. Raley is appealing enough of a legal issue as to that defense to give us interlocutory jurisdiction. As for the merits, we have recognized that discretionary function immunity provides less protection to a defendant on the state law claims against him than qualified immunity provides on the federal claims. See Scarbrough v. Myles, 245 F.3d 1299, 1303 n.9 (11th Cir. 2001). We agree with the district court that a factfinder reasonably could infer from the factual circumstances that Raley

---

[2] The "facts" as framed by the evidence at the summary judgment stage of a qualified immunity case may turn out not to be the true facts established at trial. See, e.g., Cottrell, 85 F.3d at 1486; Swint v. City of Wadley, 51 F.3d 988, 992 (11th Cir. 1995); Rodgers v. Horsley, 39 F.3d 308, 309 (11th Cir. 1994). If, however Raley is correct in his assertion that the facts of this case are undisputed, the facts here may match the facts that the jury finds at trial.

acted with malice or willfulness. (We also agree with the district court that there is insufficient evidence that Raley acted with bad faith.) Accordingly, we will affirm the district court's denial of summary judgment on the discretionary function immunity issue.

## IV.

We turn now to Sharpley's cross-appeal of the district court's denial of her motion for partial summary judgment on the liability issue on collateral estoppel grounds. She argues that Raley's state court conviction for manslaughter for his conduct in the shooting—a conviction that has been affirmed on appeal—collaterally estops him from denying liability in this civil lawsuit. The collateral estoppel effect of a state court judgment in federal court depends on the effect that the state's courts would give that judgment. Allen v. McCurry, 449 U.S. 90, 96, 101 S. Ct. 411, 415–16 (1980). We are convinced that Alabama courts would not give Raley's manslaughter conviction collateral estoppel effect in this lawsuit if it were in state court.

Alabama collateral estoppel law requires that the party seeking to benefit from a prior judgment be in privity with a party to the original case. Jones v. Blanton, 644 So. 2d 882, 886 (Ala. 1994). A party is defined as one whose legal interests would have been prejudiced from a contrary decision in the prior case.

See id. ("unless both parties in a second action are bound by the judgment in a previous case, neither party in the second action should be bound").  One in privity with a party is one who shares the legal interests of that party in the prior proceeding.  See Hughes v. Martin, 533 So. 2d 188, 191 (Ala. 1988).  Mrs. Sharpley, the plaintiff here, was not a party in the criminal prosecution of Raley; her legal interests would not have been prejudiced if Raley had been acquitted.  Nor is she in privity with the State of Alabama, the party on the prosecution side of the criminal case.

Our decision in Wood v. Kesler, 323 F.3d 872, 880 & n.10  (11th Cir. 2003), is not to the contrary.  In that case, collateral estoppel was asserted on behalf of the defendant, who had been the arresting officer in the prior criminal case on the ground that he had acted for the State in bringing the criminal proceeding.  For that reason, we concluded that the officer in Wood was in privity with the State of Alabama, a formal party in the prosecution, and in that respect he shared a legal interest with it.  See id. ("Although State Trooper Kesler was not a party in the prior case, Kesler acted for the State in charging Wood with speeding in the prior case and shares an identity of interest with the State in the subject matter of the litigation.").  Because Mrs. Sharpley was not a party in the prosecution of Raley and is not in privity with the State of Alabama in that

prosecution, she is not entitled to use the conviction to collaterally estop Raley from denying liability in the lawsuit she has brought against him.[3]

## V.

The district court's order denying Raley summary judgment on qualified immunity and discretionary function immunity grounds is AFFIRMED. The district court's order denying Sharpley partial summary judgment on collateral estoppel grounds is also AFFIRMED.

---

[3]To the extent that language in Parker v. Williams, 862 F.2d 1471, 1475 n.2 (11th Cir. 1989), overruled on other grounds, Turquitt v. Jefferson County, 137 F.3d 1285 (11th Cir. 1998) (en banc), is to the contrary, that language is dictum because Williams, the officer who had been prosecuted previously, was not a party to that appeal.

ANDERSON, Circuit Judge, Concurring Specially:

I concur in the result. Although there may have been a lack of privity between Mrs. Sharpley and the State, collateral estoppel is inappropriate in this case because there is not a sufficient identity of issues between the two actions such that equitable considerations argue against estoppel, as indicated by the district court in its opinion. See Memorandum and Order, document 101, at 20, n.21.